IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JON TRISTANI,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　-vs-　　　　　　　　　　　　　　　　　)　　Civil Action No. 18-148
　　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]　　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　　)

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11, 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), George A. Mills III, held a hearing on September 15, 2016. (ECF No. 8-3). On December 1, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 19-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 11 and 15). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner=s findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Vocational Guidelines Grid Rules: Borderline Age**

When considering whether a plaintiff is disabled, an ALJ will consider the plaintiff's age in combination with a plaintiff's "residual functional capacity, education, and work experience." 20 C.F.R. §404.1563(a). There are several age categories: younger individual (18-49); approaching advanced age (50-54); advanced age (55-59); and close to retirement age (60-64). 20 C.F.R. §404.1563. Depending on the combination of factors, the age group a plaintiff falls into can mean the difference between the award or denial of benefits.

On the date last insured, Plaintiff was 49 years old. (ECF No. 8-2, p. 26). He was 6 months and 3 weeks shy of his 50th birthday. *Id.* Plaintiff submits this puts him in borderline age situation. (ECF No. 11, pp. 5-19). Yet, the ALJ made no mention of this case being a borderline

3

age situation and simply used Plaintiff's chronological age to determine if he was disabled, without consideration of whether using the older age category would result in a determination or decision that Plaintiff was disabled. (ECF No. 8-2, pp. 26-27). Plaintiff contends that the ALJ should have considered him to be in the closely approaching advanced age category (50-54) rather than in the younger individual age category (18-49). (ECF No. 11, pp. 5-9). If the ALJ would have considered Plaintiff in the closely approaching advanced age category along with his residual functional capacity, education and work experience, Plaintiff asserts that the grids would dictate a finding of disabled pursuant to Grid Rule 201.14. *Id.* To that end, Plaintiff submits the ALJ erred in determining Plaintiff was not disabled by failing to provide an "explicit analysis" of his application of Plaintiff's chronological age rather than considering this as a borderline case. (ECF No. 11, p. 5). As a result, Plaintiff argues that remand is warranted. (ECF No. 11, p. 10).

Age is a vocational factor to be considered by the ALJ. The regulations provide, in pertinent part, as follows:

> (c) Younger person. If you are a younger person (under age 50), we generally do not consider that your age will seriously affect your ability to adjust to other work. However, in some circumstances, we consider that persons age 45–49 are more limited in their ability to adjust to other work than persons who have not attained age 45.
>
> (d) Person approaching advanced age. If you are closely approaching advanced age (50-54), we will consider that your age, along with a severe impairment and limited work experience, may seriously affect your ability to adjust to other work.

20 C.F.R. § 404.1563(c),(d). "We will use each of the age categories that applies to you during the period for which we must determine if you are disabled." 20 C.F.R. § 404.1563(b). The regulations further provide that in borderline cases, age categories should not be applied mechanically. 20 C.F.R. §404.1563(b). "If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination

4

or decision that you are disabled, we will *consider* whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.* (emphasis added); *Lucas v. Barnhart,* 184 Fed.App'x 204, 206-08 (3d Cir. 2006)(plaintiff was 3.5 months shy of the next age category). The regulations do not define the term "within a few days to a few months."

The Hearings, Appeals, and Litigation Law Manual (HALLEX) is an internal social security manual that provides guidance in borderline age cases. HALLEX I-2-2-42 provides a two-part test to identify borderline age situations: (1) Is the claimant age is within a few days or a few months of a higher age category; and (2) Will the higher age result in a decision of "disabled" instead of "not disabled." *Id.* If the answer is no to either or both questions, a borderline age situation does not exist or would not affect the outcome of the decision and the ALJ will use the plaintiff's age. *Id.* If the answer to both is yes, a borderline age situation exists and the ALJ "must decide whether it is more appropriate to use the claimant's chronological age or the higher age category." *Id.* When answering to the first question, HALLEX I-2-2-42(B)(1) explains that "a few days to a few months" means "a small number. Generally, SSA considers a few days to a few months to mean a period not to exceed six months." HALLEX I-2-2-42(B)(1) (effective March 25, 2016); *see also* POMS DI 25015.006(C)(2) (effective at the relevant time).[2]

To be clear, Plaintiff is not arguing that "it is axiomatic that anybody within about 6 months of the change in age category gets to enjoy a non-mechanical application of the Grid Rules. Rather, it must be done on a case-by-case basis." (ECF No. 11, p. 8). Plaintiff is arguing that because he was 6 months and 3 weeks shy of his 50th birthday, he is "within the realm of possibility for a potential non-mechanical application of the sedentary Grids." *Id.* Plaintiff's argument continues that when the situation is within the realm of possibility for a potential non-mechanical

---

[2]Now, the current version of POMS DI 25015.006(c)(2) specifically directs ALJs to consider "within a few days to a few months" to mean "a period not to exceed six months."

5

application of the grids, the ALJ must explicitly provide his reason for applying the Grid Rules mechanically. *Id.* at pp. 8-9.  Thus, Plaintiff submits that because he presented a potentially borderline case, the ALJ erred in failing to articulate his reasons for applying his chronological age to the grids.  *Id.*

In opposition, Defendant argues that Plaintiff's situation (6 months and 3 weeks) is not borderline because it exceeds the period of a borderline age situation and, thus, no further discussion was needed by the ALJ.  (ECF No. 13, p. 4).  Specifically, Defendant asserts that pursuant to POMS DI 25012.006 "a few days to a few months" means a period not to exceed six months.  (ECF No. 13, p. 4).  Since Plaintiff's situation exceeds six months (not just by a day or two but by 3 weeks), Defendant submits that Plaintiff's situation was not borderline and ALJ was not required to provide any explanation for using Plaintiff's chronological age.  *Id.*, pp. 4-6.  After a careful review, I agree with Defendant.

In reply, Plaintiff suggests that Defendant is improperly asking this court to apply a bright-line test.  (ECF No. 16, pp. 1-4).  I am not persuaded by Plaintiff's assertion in this regard.  The court is not creating a bright-line test.  Rather, this court is looking to the legal authority, including the guidance provided to ALJs for determining borderline cases, and accessing whether the ALJ needed to provide further explanation for using Plaintiff's chronological age in determining if he was disabled.  The guidance available to the ALJ at the time provided that generally "a few days to a few months" means not to exceed six months as set forth above.  Undisputedly, this case falls outside that six-month cushioned time frame by 3 weeks. (ECF No. 8-2, p. 26).  I acknowledge that prior to the HALLEX and POMS amended guidance a limited number of courts have remanded for further clarification where the borderline age situation exceeds six months. The guidance set forth by the Social Security Administration for ALJs, however, should not be ignored.  As even Plaintiff concedes, at some point there must be an end to the cushioned time

6

frame such that an ALJ must be able to apply a chronological age without further discussion.[3] (ECF No. 16, p. 2).

Consequently, based on the facts of this case, I find that I am able to make a meaningful review and that it is based on substantial evidence. (ECF No. 8-2, pp. 19-28). The ALJ was not required to further explain his decision for the application of Plaintiff's chronological age in determining whether Plaintiff was disabled.

An appropriate order shall follow.

---

[3]Plaintiff concedes "seven months is pushing the envelope." (ECF No. 16, p. 2). I find it curious that Plaintiff argues his situation of 6 months and 3 weeks (just a mere 7 days difference) somehow does not "push the envelope."

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JON TRISTANI, )
               Plaintiff, )
)
 -vs- ) Civil Action No. 18-148
)
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
)
               Defendant. )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 21st day of March, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                              BY THE COURT:

                              s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.